### NATHANIEL BLAKE vs. NATHAN NUTTER.

Real estate purchased with partnership funds for partnership purposes, and so used and enjoyed, is held by the members of the firm as co-tenants — and the superior right of the partnership creditors over the creditors of the individual partners does not apply at common law to real estate thus purchased.

Whether a different rule in equity should be adopted in this state against the express provisions of St. of Maine, c. 35, § 1, which provides, that all lands conveyed to two or more persons, shall be held by them as tenants in common, and not as joint tenants, unless the conveyance contain express words clearly showing a different intention — quære.

ASSUMPSIT for rent. It was agreed in this case that the premises for a portion of which rent was claimed, were purchased in 1822 by N. & L. Dana and L. Cutter, who then were and for a long time after continued to be partners in trade under the style of N. & L. Dana & Co.; that the land was purchased with partnership funds and for partnership purposes, and was occupied and enjoyed by the firm, till May 13, 1837, when the same was sold to Thomas Chadwick, under whom the plaintiff in this case claims title. Said Chadwick gave his note for the purchase money to the firm of N. & L. Dana & Co. by whom the same was transferred to Smith & Dole in payment of a debt, which existed prior to the attachment herein after named as made by the President, Directors & Co. of the Bank of Cumberland. The firm of N. & L. Dana & Co. failed on or about the 13th of May and were deeply insolvent.

The defendants claimed title by virtue of an attachment of the premises made on the 28th April, 1837, on a writ sued out by the *President, Directors & Co. of the Bank of Cumberland v. L. Cutter*, on which judgment was obtained at the Nov. Term of the S. J. Court, 1838; judgment being rendered thereon the 31st. Dec. 1838. On 15th. Jan. 1839, the plaintiffs in that suit levied their execution issued on said judgment on one undivided third part of the premises purchased by the firm of N. & L. Dana & Co, as before stated, as the property of L. Cutter, and thereby satisfied a part of said execution.

The rent claimed is for the third part of the premises levied on by the Cumberland Bank, and which the plaintiffs claim by virtue of a conveyance from the firm of N. & L. Dana & Co. The defendant claims to be tenant of the Bank of Cumberland, and judgment is to be rendered as the title shall be found to be either in the plaintiff or in the said Bank of Cumberland.

The cause was submitted on the briefs of counsel.

*Fessenden & Deblois*, for the plaintiff.

The plaintiff claims title through and under the firm of Dana & Co. The property levied upon was partnership property, and was pledged to the payment of partnership debts, and has been thus appropriated. The partners could not, if they would, divert this property from its legal appropriation; still less can it be done by others. As between themselves they may be deemed tenants in common, but as respects their creditors, the real estate equally with the personal is held for the payment of the debts of the firm. The Bank of Cumberland taking by levy can have only the rights of the debtor, and the firm being insolvent they acquired nothing thereby. 3 Kent's Com. 2d ed. 24, 36, 38. *Fisk & al.* v. *Herrick & T.*, 6 Mass. R. 271; *Edgar* v. *Donally & al.*, 2 Munf. 387; *Sigourney* v. *Munn*, 7 Conn. 11; *Coles* v. *Coles*, 15 Johns. 159; *Commercial Bank* v. *Wilkins*, 9 Greenl. 28; Watson on Partnership, 57.

From the whole law of partnership, the property of the firm is held by the several members as joint tenants. This relation is unchanged by statute of Maine, c. 35, § 1. Real estate purchased by a firm for partnership purposes and with the funds of the firm is to be considered as excepted from the operation of the statute, it being liable by the general law on the subject to the debts of the firm, and the partners, as appears by the facts in this case, intending to hold it as joint tenants. Their intention should govern. *Anderson* v. *Parsons & al.* 4 Greenl. 486.

*A. Haines*, for the defendant. There is no such tenure of lands known to the law as a copartnership tenure. They must be either held in joint tenancy or co-tenancy. Unless the contrary

be specially provided for, all lands are to be taken to be estates in common by st. of Maine, c. 35, § 1. The rules of law regulating the personal property of a partnership do not apply to its real estate. *Coles* v. *Coles*, 15 Johns. 159; 3 Kent, 1st ed. 15; *Goodwin* v. *Richardson*, 11 Mass. R. 469; *Pitts* v. *Waugh*, 4 Mass. R. 424. When partners purchase real estate for the purposes of the partnership, it is always held by them as tenants in common. Courts of law exclude from their consideration the funds with which, or the objects, for which, the lands were bought. Watson on Partnership, 73; Collyer on Partnership, 69.

The opinion of the Court was by

WESTON C. J.— That partnership creditors have rights, if seasonably asserted and in a proper manner over the partnership funds, superior to the rights of the creditors of the individual partners, is well established. In order to bring this doctrine to bear upon the case under consideration, the counsel for the plaintiff insist that the property in controversy, while held by N. & L. Dana and company, was a part of their partnership funds.

They derived title from Andrew Fernald and Joel Hall, who conveyed to them by deed, on the second of February, 1822. The tenancy, by which they held, depends upon the terms of their deed and of the statute of 1821, c. 35, § 1. It is therein provided, that lands conveyed to two or more persons, shall be held by them as tenants in common, and not as joint tenants, unless it is set forth in the conveyance, that they are to hold jointly, or unless it contain other words, clearly and manifestly showing that intention. Their deed contains no terms, indicating such intention, either expressly, or by any implication whatever. The language of the statute is too plain and decisive, to render proof of such intention, aliunde, admissible. If the grantees were partners, or if the consideration was paid from partnership funds, these facts do not appear in the deed.

But if we were at liberty to look elsewhere for these facts, and for the further fact that the purchase was made, and the

property used, for partnership accommodation, it could not thereby, in contravention of the statute, become a joint estate. Such also is the common law doctrine. Collyer on partnership, 68. No decision at law, laying down a different principle, has been cited. In equity real estate conveyed to grantees, who are partners, or were when conveyed to one of them, if purchased with partnership funds, has been treated as joint property, and as such, subject to the claims of partnership creditors. *Edgar* v. *Donnally & al.* 2 Munf. 387, and *Sigourney* v. *Munn & al.* 7 Conn. R. 11, cited for the plaintiff, were cases in equity. Hosmer C. J. who delivered the opinion of the court in the last case, admits, that where partners purchase real estate, for the accommodation of their partnership business, courts of law, who look at the legal title only, will consider them merely as tenants in common. And in *Coles* v. *Coles*, 15 Johns. R. 161, the court say distinctly, that " the principles and rules applicable to partnerships, and which govern and regulate the disposition of the partnership property do not apply to real estate. "

The case of *Goodwin* v. *Richardson*, 11 Mass. R. 469, is a strong and direct authority to the same point. That the property in controversy there, was purchased with partnership funds, and was taken in payment for a partnership debt, appeared on the face of the title. If from these facts, a plain and manifest intention was deducible, that the estate was to be held jointly, it might have been so regarded, consistently with the statute. And yet they were regarded and held as tenants in common. If the doctrine, for which the plaintiff contends, is warranted by law it should have been applied in that case. A stronger one requiring its application, cannot well be imagined.

Whether a different rule should be adopted in equity in this state, the court is not at present called upon to determine. Whenever such a case arises in equity, it will be matter of grave consideration, what effect the express terms of our staute is to have upon the question.

The case before us is not even a conflict between separate and partnership creditors. Thomas Chadwick, under whom

the plaintiff holds, was a purchaser, not a creditor. The subsequent application of the consideration paid, cannot affect his legal title. It is not easy to discern, upon any principle, why the subsequent deed of Levi Cutter, in connection with the Danas, passes his title in preference to his own prior deed. The levy of the Cumberland Bank has the same effect, as if they had taken a deed from Cutter, on the day of their attachment. And the court is of opinion that the legal title to the part in controversy is in them.

*Judgment for defendant.*