THORPE (UNITED STATES v.).   See Case No. 16,494.

## Case No.14,008.

### THRALL v. CRAMPTON.

[9 Ben. 218,[1] 16 N. B. R. 261.]

District Court, D. Vermont.   Sept. 18, 1877.

EQUITY—PARTNERSHIP IN REAL ESTATE— BANKRUPTCY OF INDIVIDUAL PARTNER.

1. Three parties bought real estate to sell again, sold some lots and built on others, incurring debts therefor, and then two of them bought out the third and took the ownership of the property for the same purpose. Thereafter C., one of the two, having gone into bankruptcy, T., the other, applied to the court for relief, and adjustment of rights in the property, as between him and the assignee of the bankrupt: *Held*, that this was a partnership adventure, and the orator and the assignee of the bankrupt held the same title, subject to the same rights and liabilities;

2. It was necessary to adjust the partnership dealings up to the time of the bankruptcy of C., and ascertain the exact interest of each at that time in the real estate:

3. T. would be protected as to the debts for which he was liable under the partnership, as against creditors of the bankrupt individually.

[This was a suit in bankruptcy by George C. Thrall against John W. Crampton, assignee.]

Prout, Simons & Walker, for plaintiff.

J. C. Baker, for defendant.

WHEELER, District Judge. This cause has been heard upon bill, answer, replication and examination of witnesses orally, by mutual consent of the parties in court. From the pleadings and proofs it is found as matter of fact that the orator, the bankrupt and one Goodnow, under an agreement to furnish the outlay and share in the profit and loss equally, purchased and had conveyed to them a parcel of real estate, which included the land now immediately in controversy, for the purpose of dividing it up into lots and selling them to make gain; that they did sell some lots, and built the block in question on another, out of common funds, and rented the block for their common advantage; that the orator and the bankrupt, with common funds, and at their equal expense, bought out the interest of Goodnow, and have continued the ownership of the property for this common purpose, to the time of the commencement of the proceedings in bankruptcy; and at that time they owed joint debts on account of this business to a considerable amount, which the orator is still holden to pay, one of which is secured by mortgage on the property, and the rest of which have been proved against the estate of the bankrupt in the hands of the assignee. On a settlement of the joint dealings in respect to these transactions and this

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

property, there would be a considerable balance due from the bankrupt to the orator. This controversy is wholly as to the rights respectively of the orator and the assignee in the real estate left, and the relief they are entitled to in respect to it in this proceeding. And here the assignee holds legally and equitably the precise rights of the bankrupt, and the orator is entitled to the same rights and relief in respect to them as against the assignee, that he would have been entitled to, as against the bankrupt, if this controversy had arisen between him and the bankrupt. Mitchell v. Winslow [Case No. 9,673]. And here again these rights are to be determined wholly upon the relations of the orator and the bankrupt as between themselves, and not with any reference to rights of others, to deal with them in view of what their relations to each other were, or were held out to be.

In this aspect, if the dealings had been with personalty, as they were with this reality, there could have been no fair question but that this common sharing of outlay, profit and loss, would have made them partners in fact. Colly. Partn. § 3. This real estate could not be bought, handled, sold and conveyed by all of those engaged in the adventure, or a part of them for all, so readily nor with so much freedom as mere personal chattels could. But when the business was properly transacted, according to the requirements of the law, in respect to the property dealt in, the rights of those engaged in the result were the same as they would have been in the result of similar transactions in personalty. Thus there could be a partnership in dealing in real estate, although the transaction in that property would not be carried out by conveyance of one or a part of several for all, but the conveyances would have to be by all the owners in person or by written power of attorney, according to the statute of frauds and the requirements of the registry system. Colly. Partn. § 3; Dudley v. Littlefield, 21 Me. 418; Dyer v. Clark, 5 Metc. [Mass.] 562; Rice v. Barnard, 20 Vt. 479.

The result is that this was a partnership adventure, and the orator and the bankrupt, at the time of the commencement of the proceedings in bankruptcy, held the title to this real estate, subject to such rights and liabilities as would accrue to or against each in respect to it on account of that relation; and the orator and the assignee still hold the same title, subject to the same rights and the same liabilities. There is no question but that in an action of ejectment or other proceeding at law under the same circumstances, each would hold an undivided moiety of the estate. Blake v. Nutter, 19 Me. 16; Goodwin v. Richardson, 11 Mass. 469. But in equity, as regards real as well as personal estate, those who purchase and pay for it are considered to be the true owners, and in cases when it is purchased by a part-

nership, and paid for out of the partnership funds, the partnership is the true owner. And in this respect the partnership represents the partners, according to their respective interests in it, and they are the real owners of the estate, in proportion to those interests. The interest of each partner in the partnership assets is what his share would be on an adjustment of the whole partnership dealings, and if, on such adjustment, one's share should be greater or less than according to his share originally, he would be by so much the greater or lesser real owner in the partnership property, whether real or personal. Sigourney v. Munn, 7 Conn. 11; Pierce v. Trigg, 10 Leigh, 406; Dyer v. Clark, 5 Metc. [Mass.] 562; Lake v. Craddock, 3 P. Wms. 158. In such cases, whoever holds the legal estate and in whatever proportions, a trust results in equity in favor of the real and true owners, according to their actual interests; and this is not contrary to the statute of fraud (Colly. Partn. § 3), nor contrary to the statute of Vermont regulating conveyances of real estate, which saves expressly such trusts as may arise or result by implication of law out of the provision that trusts in lands generally shall be declared in writing (Gen. St. 450, § 22). Therefore in order to ascertain what the respective rights of the orator and the bankrupt were in a court of equity at the time of the commencement of the proceedings in bankruptcy, it would be necessary to adjust their partnership dealings to that time, and ascertain the exact interest of each.

But there are partnership debts still outstanding on which the orator is liable, and his just rights in respect to the property would not all be saved without securing to him a lien or charge upon the property till they are paid, and to indemnify him in case he is compelled to pay them. That the orator has such a lien is well settled. Colly. Partn. § 135. This lien of the partner is carried to such an extent and is so well defined, that through it a right to the partnership creditors to have their debts satisfied out of the partnership property before those of separate creditors can be, is wrought out. Bardwell v. Perry, 19 Vt. 292. This right cannot be saved either to the partner himself or to the partnership creditors, through liens, in proceedings strictly at law; but there the right of each partner must stand according to his aliquot proportion for want of proper means to take and state the account, and of power and methods to give the appropriate relief. In equity no such difficulties stand in the way, and now in England and by the great current of authority in this country this right of each partner is guarded and preserved in proceedings in equity wherever it is necessary in cases of insolvency or bankruptcy or death of the other partners. Darby v. Darby, 3 Drew. 495; Colly. Partn. § 153; 3 Kent, Comm. 139; Hoxie v. Carr [Case No. 6,802]; Dyer v. Clark, 5 Metc. [Mass.] 562; Pierce v. Trigg, 10 Leigh, 406; Washburn v. Bank of Bellows Falls, 19 Vt. 278. Decree for orator, to be drawn according to these views.