WHITE SEWING MACHINE COMPANY vs. JAMES FEELEY.

Third Judicial District, New Haven, June Term, 1899. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Under the guise of proving that a written instrument was delivered upon condition, a party cannot be permitted to show that the terms or obligations of the contract vary from those prescribed by the writing.

After the defendant had been released from liability on his bond for the payment of any indebtedness S might incur for goods bought of the plaintiff, the latter orally proposed that S should go on in business as before and that it would reinstate him in the title and possession of certain goods taken back by the plaintiff, provided the defendant would permit his bond, which remained in the plaintiff's possession, to stand; and to this the defendant orally assented. In an action upon the bond it was held that the plaintiff's proposal was

White Sewing Machine Co. v. Feeley.

not a condition precedent, which until performance prevented the defendant's bond from becoming operative, but a condition subsequent; and that inasmuch as it varied the terms of the bond, which provided with great precision and detail how the business should be conducted, the oral evidence was inadmissible and should have been excluded. (*Two judges dissenting.*)

Argued June 8th—decided August 1st, 1899.

ACTION to recover the amount of a bond given by the defendant, brought to the Court of Common Pleas in Fairfield County and tried to the court, *Curtis, J.*; facts found and judgment rendered for the defendant, and appeal by the plaintiff for alleged errors in the rulings of the court. *Error and new trial granted.*

The case is sufficiently stated in the opinion.

*Fred W. Tracy*, for the appellant (plaintiff).

*John J. Phelan* and *Stiles Judson, Jr.*, for the appellee (defendant).

ANDREWS, C. J. This action was brought on a bond executed jointly and severally by the defendant and one Charles Shepard. The bond was for the penal sum of $500. It appears that the plaintiff had been accustomed to send goods of its manufacture to Charles Shepard on credit. Shepard sold the goods and, as it was convenient for him, sent to the plaintiff cash, notes or other bills receivable, in payment; and an account was kept. The plaintiff charged to Mr. Shepard the goods sent to him, and credited him with the payments he made. The condition of the bond was that the obligors should " well and truly pay or cause to be paid, any and every indebtedness or liability now existing, or which may hereafter in any manner exist or be incurred on the part of the said Charles Shepard to the plaintiff, or its assigns," and mentioned substantially all the forms in which a liability could exist or be incurred.

The complaint alleged the execution and delivery of the bond, and attached it as an exhibit thereto. It also averred that Shepard had incurred indebtedness to the plaintiff to

the amount of $1,335.75 as set forth in a bill of particulars, and that neither said Shepard nor the defendant had paid the same. The plaintiff claimed $650 damages.

The answer was in two defenses. The first admitted the execution and delivery of the bond, and averred that all the indebtedness that Shepard had incurred to the plaintiff had been paid and discharged. The second defense, as amended, was this: " 2. On the    day of November, 1893, said bond was cancelled, and said bond was by the plaintiff surrendered and delivered to the defendant in full discharge of all obligations thereunder. 3. After the surrender to the defendant of said bond, as stated in the preceding paragraph, the defendant redelivered said bond to the plaintiff, upon the express condition orally agreed to between them, that the principal therein, said Charles Shepard, should be continued in the same business relation to the plaintiff as theretofore, to wit: should conduct an agency for the plaintiff, by purchasing of it such sewing machines as he might be able to again sell to customers within a certain territory. 4. In fact, said Shepard was not thereafter continued in that business relation, but new and different business relations were established between the plaintiff and Shepard, in that thereafter the plaintiff did not sell machines to said Shepard at all, but instead of so doing, consigned said machines to him as their agent, retaining the title in said machines until the same were delivered to customers. 5. The defendant upon learning of such changed business relationship, notified the plaintiff that he would not be holden therefor." The plaintiff denied this defense.

The court found the issue for the defendant and for the defendant to recover his costs ; and the plaintiff appealed.

There is quite an extended finding of facts, only a very brief mention of which is now necessary. It is found that the bond was executed and delivered at its date; that the plaintiff and Shepard carried on business according to the existing arrangement until the 23d day of November, 1893; that on that day there was a meeting between Shepard, the defendant, and one Tupper who represented the plaintiff,

and certain negotiations, transfers and agreements were then made, from which the court finds that the defendant was released from all obligations under said bond. The court also finds that on the same day, at the same meeting and before these parties had separated, other agreements were entered into by which the defendant agreed that the obligations of the bond should again become binding upon him, and the parties be re-instated in their former relations upon certain conditions; being the conditions that are set forth in the defendant's second defense. The court finds that these conditions have not been complied with. The finding also shows that the bond was in fact never surrendered; that it has at all times been in the possession of the plaintiff; and that Mr. Shepard and the plaintiff have ever since that day continued to carry on business, but, as the defendant claims and as the court finds, not as a purchaser, but as a consignee of its goods.

This case turns on a single point: Are the conditions set forth in the defendant's second defense conditions precedent, so that the bond did not again become binding on the defendant until they were performed; or are they provisions of a different character? The parties have argued the case before us, and the trial court seems to have treated it, as though it was a case of conditional delivery of the bond; as if the bond was redelivered to the plaintiff upon the oral condition that it should not again become operative unless the conditions set forth should be complied with.

No rule of law can be better established than that oral testimony cannot be received to vary or add to a writing; nor can any oral agreement on the same matter, made prior to or contemporaneously with a written one, however clearly proved, be allowed to change or modify the written one. *Shore* v. *Wilson*, 9 Cl. & Fin. 355, 525. There may be a separate oral agreement constituting a condition precedent to the attaching of any obligation under a written contract. Such an oral agreement may be proved; because its existence does not vary or contradict the terms of the writing.

But under the claim of showing a condition of this kind

it is sometimes sought to change the writing itself. It seems to us that the terms of the second defense, while in the form of conditions precedent, are, in effect, not conditions precedent, but conditions subsequent. The bond was given to protect the plaintiff in the carrying on of a business with Mr. Shepard; and the terms of the bond provide with some care how that business shall be carried on. The second defense sets up in the form of conditions, things that cannot be determined before the purposes for which the bond was given began, but only after those purposes have been completed, or at the least have been pursued for a time. Whether or not Mr. Shepard had been "continued" in a business in a certain way, cannot be determined before the business is begun, but only after the business has been going on for some time. The provisions of the second defense do not express a condition precedent, but a condition subsequent. They do not express anything that is to be done before the business begins, but stipulate how it shall be carried on after it has been begun; and in this respect they set up something that is variant from the terms of the bond. In finding these proved and in sustaining this defense, the court established an oral contract contradictory to the written one. This was error. Such a contract was legally immaterial, and even if proved, was no defense to the bond. *Beard* v. *Boylan*, 59 Conn. 181; *Allen* v. *Rundle*, 50 id. 9; *Burns* v. *Scott*, 117 U. S. 582; *Burns & Smith Lumber Co.* v. *Doyle*, 71 Conn. 742. The so-called condition upon which the bond was said to be redelivered, being one that the law will not allow, the redelivery was absolute and the court should have so held.

There is error and a new trial is granted.

In this opinion BALDWIN and HALL, Js., concurred.

HAMERSLEY, J. (dissenting). I agree with the majority of the court that the verbal agreement alleged in the second defense, standing by itself, may be construed as expressing a condition subsequent; but, in the light of the facts proved, it is susceptible of a different construction.

The agreement as proved and found by the trial court clearly expresses a condition precedent. The finding is this: Tupper, on behalf of the plaintiff, agreed with Feeley to release and discharge him from the obligations of his bond, in consideration of his transfer to the plaintiff, by bill of sale and delivery, of certain property valued at $1,700. The property was so transferred and delivered. The agreement on the part of Feeley was executed, and the bond in the possession of the plaintiff became inoperative. Subsequently Feeley verbally agreed with Tupper to permit the bond to stand, if the plaintiff would let Shepard go on in business as before, and would transfer to Shepard the property Feeley had transferred to the plaintiff. The plaintiff did not transfer the property to Shepard as agreed. I think it clear that the condition to transfer the property to Shepard was a condition precedent, and that the promise of Feeley to let the bond stand could not become operative until that condition was performed. Upon the facts as found the judgment of the court is correct.

The real difficulty lies in the claim that the promise to transfer the property to Shepard is not specifically alleged in the second defense in connection with the promise to let Shepard go on in business as before; and therefore the fact is outside the issue and cannot be relied upon in support of the judgment. An apparent difference may fairly be claimed between the fact alleged and the fact proved. If this variance is such that the fact proved is so wholly independent of the fact alleged that it cannot be treated as in any way contained in the pleading, nor as evidential of any allegation in the pleading, then the case comes within the rule stated in *Greenthal* v. *Lincoln, Seyms & Co.*, 67 Conn. 372, 379, and the fact found cannot be used to support the judgment. But if the fact found is substantially related to the fact alleged, or is evidential of such fact, and serves merely to enlarge, explain or prove what has been stated, although defectively, then the failure to demur and to object to evidence of this fact, brings the case within the rule referred to in *Plumb* v. *Curtis*, 66 Conn. 154, 165, and the fact found may be used in support of the judgment. I think the variance claimed is of the

White Sewing Machine Co. *v.* Feeley.

latter nature. The allegation is that the bond was redelivered upon the express condition, orally agreed, that Shepard should be continued in the same business relation to the plaintiff as theretofore : the proof is that the former business relation involved the ownership by Shepard of some $1,700 worth of property, most of which had been sold by the plaintiff to him and had been transferred by him to Feeley as security for the bond, and transferred by Feeley with the consent of Shepard to the plaintiff in satisfaction of the bond ; and the oral agreement as proved directly stipulates for the transfer of this property by the plaintiff to Shepard, in order to place him in the same business relation as before. The redelivered bond could not take effect until this transfer should be made. I think this proof is in support and explanation of the allegation made, viz, that the bond was redelivered upon an oral agreement that it should not become operative until Shepard was put in his former business relation to the plaintiff. If the statement of this defense was defective, the plaintiff should have demurred; not having demurred he should have objected to the evidence, if he intended to rely on the claim of variance. In the absence of demurrer or objection, the trial court properly found that the bond was redelivered upon a condition precedent, substantially as alleged. This fact supports the judgment rendered. I think there is no error in the judgment of the Court of Common Pleas.

In this opinion TORRANCE, J., concurred.