## CHARLES F. MAGUIRE *vs.* ERNEST KIESEL.

Third Judicial District, Bridgeport, October Term, 1912.

HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

An oral agreement to buy land jointly, build a house thereon, and share equally in the profits arising from the rental, or, if possible, from a sale, of the improved property, and which does not undertake to operate upon the ownership of or title to the realty, is not within the clause of the statute of frauds (General Statutes, § 1089) which makes nonactionable any oral agreement "for the sale of real estate, or any interest in or concerning it."

Upon the repudiation of such an agreement by one party, the other may treat it as non-existent and sue to recover, once for all, the entire damage he has thereby sustained.

In such case the measure of the plaintiff's damages would be the amount of profits which, under the agreement, he would have been entitled to receive; and this amount would include prospective as well as accrued profits, in so far as the evidence showed that in the ordinary course of events the former were reasonably to be expected.

Evidence of profits accrued, while admissible, is not conclusive as to future profits.

The ancient common-law strictness with respect to variances has been much relaxed by the more liberal rule of our practice (Practice Book, 1908, p. 245, § 149), which permits an amendment at any stage of the trial and provides that immaterial variances shall be wholly disregarded.

To be available a variance must be a disagreement in some matter essential to the charge or claim.

In the present case the complaint was silent as to how the anticipated profit was to be derived, while the finding went into that subject with some particularity. *Held* that this difference did not constitute a material variance.

Assignments of error involving questions of law not included among those whose review is sought in the request for a finding, may be disregarded by this court.

Argued October 30th, 1912—decided January 15th, 1913.

ACTION to recover damages for breach of an oral agreement respecting a division of the profits to be made from the purchase, improvement and sale, or rental, of certain real estate, brought to and tried by

the Superior Court in Fairfield County, *Burpee, J.;* facts found and judgment rendered for the plaintiff for $1,100, and appeal by the defendant. *No error.*

The following facts are established by the finding of facts and the finding of the issues in favor of the plaintiff:—

About January 1st, 1911, the plaintiff and defendant entered into an oral agreement to share equally in the profits that should be made from the purchase of a lot of land, the building and rental of a house thereon, and the sale thereof, if an opportunity to sell should be had. No time limit was placed upon the continuation of the agreement, but it might have been fully performed within one year.

It was a part of the agreement that the defendant should have the title of the land conveyed to himself and the plaintiff jointly. Each party undertook to do certain things to carry out the agreement and necessary to complete the transaction. The plaintiff agreed to pay one half of the price of the lot, to wit, $1,200, render or cause to be rendered certain services in connection with the enterprise, and contribute $900 toward the cost of erection of the building, which was to cost $7,800. The defendant was to contribute $600 in money toward the purchase of the lot, his services as builder or contractor, and also $900 toward the cost of the building, and, in addition, to pay any excess in the cost of the building over $7,800.

The plaintiff performed, or caused to be performed at his expense, the services which he undertook to render, and either did or offered to do, and was at all times able and willing to do, all the other things required of him to be performed under the terms of the contract.

The defendant purchased the lot, taking title in his own name, and paying the entire purchase price, al-

though plaintiff stood ready and willing to contribute his share thereof. The same day he conveyed the property to his wife, in whose name it has stood ever since. Thereafter the defendant stated to the plaintiff that he had procured the money for the purchase of the lot from his wife, and that, when the building had proceeded, he would turn over the plaintiff's share to him upon the plaintiff paying his share of the money. This explanation satisfied the plaintiff. Thereafter, in pursuance of the partnership agreement between them, the plaintiff and defendant agreed to erect a six-family house upon said lot. The defendant subsequently refused to allow the plaintiff to contribute the $900 agreed upon, although he offered to do so, and repudiated the agreement, and then and ever since has refused to abide by it.

A building was erected upon the land by defendant, pursuant to and in substantial accordance with the plans and specifications agreed to by the plaintiff, which was completed and ready for occupancy August 1st, 1911.

The rental profit of the building was estimated by the parties to be, and in fact was, at the rate of $800 per year. The value of the property at the time of the completion of the building was, and remained, $1,500 more than its cost.

The allegation of the complaint was that "the plaintiff and the defendant entered into an agreement, by parol, whereby they were to purchase real estate jointly and construct a building thereon, and to share in the profits arising therefrom."

*Spotswood D. Bowers*, with whom was *James E. Brinckerhoff*, for the appellant (defendant).

*Warren F. Cressy*, for the appellee (plaintiff).

PRENTICE, J.  The plaintiff sues to recover for damages alleged to have been suffered by him from the breach of an agreement between himself and the defendant for the conduct of a joint enterprise, and for services claimed to have been rendered and expenses incurred by him in compliance with the terms of the agreement and in aid of the joint undertaking, the benefit of which has been appropriated by the defendant as a consequence of his wrongful conduct in the breach of the agreement.

The agreement which is thus made the basis of recovery was an oral one, and is found to have been one "to share equally in the profits that should be made from the purchase of a lot of land, the building and rental of a house thereon and the sale thereof, if an opportunity to sell should be had."  Four of the reasons of appeal charge the trial court with error in the rendition of its judgment, upon the ground that the agreement was not actionable by reason of two provisions of the statute of frauds.  In the brief and argument, the only provision of the statute relied upon is that which makes nonactionable any agreement not in writing "for the sale of real estate, or any interest in or concerning it."  General Statutes, § 1089.

As preliminary or incidental to this claim, the defendant urges that the judgment was erroneous because it was not supported by the pleadings.  He says that one agreement was alleged as the basis of recovery, and recovery had upon another.  We find no fair foundation for this contention in the reasons of appeal.  But, that matter aside, it is not well made.  The question it presents is essentially one of variance between the allegation and the proof as evidenced by the fact established.  The claim as made invokes the ancient common-law rule of strict construction and application, and ignores the more liberal one of our practice which

is expressed in the provision of § 149 of our rules (Practice Book, 1908, p. 245), that immaterial variances shall be disregarded. This rule we have consistently enforced in a long line of cases not only in its letter, but also in its spirit, to the end that claims of variance be discouraged. *Osborn* v. *Norwalk,* 77 Conn. 663, 666, 60 Atl. 645. The language of the complaint in which the description of the agreement was couched is not, it is true, identical with that used by the court in its finding. There is, however, no variation in respect to the essential fact that it was one to share in the profits of a joint deal in a piece of real estate to be bought and improved by them for speculative purposes. The difference is found in that the finding recites the manner in which the anticipated profit was to be derived, while the complaint is silent upon that subject. The difference is one which results from a greater particularity in the finding, and not one which relates to the essential thing charged or one through which the defendant could be prejudiced. The characteristics of a variance which, under our practice, will be fatal, are not here present. *Davis* v. *Guilford,* 55 Conn. 351, 354, 11 Atl. 350; *Osborn* v. *Norwalk,* 77 Conn. 663, 666, 60 Atl. 645. "A variance . . . to be available, must be 'a disagreement between the allegations and the proof in some matter essential . . . to the charge or claim.'" *Plumb* v. *Griffin,* 74 Conn. 132, 136, 50 Atl. 1. See also *White Sewing Machine Co.* v. *Feeley,* 72 Conn. 181, 186, 44 Atl. 36. This was the rule even under our former practice. *House* v. *Metcalf,* 27 Conn. 631, 638; *State* v. *Wadsworth,* 30 Conn. 55, 58.

The agreement was not within the operation of the statute. The statute "contemplates only a transfer of lands, or some interest in them." *Bostwick* v. *Leach,* 3 Day, 476, 484; *Hall* v. *Solomon,* 61 Conn. 476, 483, 23 Atl. 876. The subject-matter of the agreement was

not land or any interest therein. It was a fund of money representing profits from a joint enterprise in the nature of a partnership. *Bunnel* v. *Taintor,* 4 Conn. 568, 573. This enterprise, to be sure, was one which contemplated and involved a real estate transaction, and the fund to be divided was to be derived from that source. But that touching which the agreement was made, and in which by reason of the agreement the plaintiff claims an interest, was the fund. *Bunnel* v. *Taintor,* 4 Conn. 568, 573, presented a situation strikingly similar in its details to the present, and having the same essential features, and we there held that the contract was not within the statute. The overwhelming weight of authority in other jurisdictions is to the same effect, that an agreement for a joint enterprise in the nature of a copartnership which has for its purpose the purchase, improvement, and sale of real estate for the profit arising therefrom to be divided among the joint undertakers as among partners, and which does not undertake to operate upon the ownership of or title to the realty, or anything annexed thereto as a part or parcel of it and transferable alone by deed, is not within the statute. *Dale* v. *Hamilton,* 5 Hare, 369, 382; *Chester* v. *Dickinson,* 54 N. Y. 1, 8; *Bates* v. *Babcock,* 95 Cal. 479, 484, 38 Pac. 605; *Eaton* v. *Graham,* 104 Ill. App. 296; *Bruce* v. *Hastings,* 41 Vt. 380; *Richards* v. *Grinnell,* 63 Iowa, 44, 54, 18 N. W. 668; *Fountain* v. *Menard,* 53 Minn. 443, 445, 55 N. W. 601; *Jones* v. *Davies,* 60 Kan. 309, 314, 56 Pac. 484; *Dudley* v. *Littlefield,* 21 Me. 418, 422; *Howell* v. *Kelly,* 149 Pa. St. 473, 475, 24 Atl. 224.

All of the remaining reasons of appeal deal with the award of damages. They are, in substance, that the court erred (1) in ruling that the agreement was one for profits capable of being ascertained or computed with certainty before a sale of the property was had or rental

profits had been made; (2) in speculating as to the amount of damages; (3) in ruling that there was evidence of damage justifying an award of more than nominal damages; (4) in adopting a wrong rule of damages; (5) in allowing for the value of the services alleged to have been contributed to the joint enterprise by the plaintiff; (6) in ruling that recovery could be had for damage accruing after the commencement of the action; and (7) in awarding the sum of $1,100.

All of these assignments of error except the first named might be disregarded, since the appellant's request for a finding did not include them, either directly or by reasonable implication, among the questions of law desired to be reviewed. General Statutes, § 793; *Banks* v. *Warner*, 85 Conn. 613, 84 Atl. 325. The court was neither directly asked nor indirectly called upon to state the rule which it adopted for the assessment of damages, the factors which it recognized in their assessment, or any rulings it made touching that subject. We are thus left with the meagre information which results by inference from certain facts which chance to appear in the finding, and which we could not fairly regard as complete.

A perusal of the assignments, however, makes it apparent that they rest upon a mistaken notion of the character and scope of the action. It is not one to secure the plaintiff's claimed share of accrued profits under a subsisting contract, or profits at all, as such. The allegations of the complaint are unexplainable upon that basis. It is one to recover, once for all, for the damage suffered by the plaintiff through a wrongful termination of a valuable contract which is treated as at an end. The complaint alleges a repudiation of the alleged agreement by the defendant, treats it as no longer existent, and seeks redress upon that basis. "Whether a contract be single and entire, or appor-

tionable, if there is a total abandonment or breach by one party the other has a single cause of action upon the entire contract if he think proper to act on the breach as a total one." 1 Sutherland on Damages (3d Ed.) § 108; *Parker* v. *Russell*, 133 Mass. 74, 75; *Remelee* v. *Hall*, 31 Vt. 582, 585; *Lamoreaux* v. *Rolfe*, 36 N. H. 33, 36; *Kalkhoff* v. *Nelson*, 60 Minn. 284, 288, 62 N. W. 332; *Keck* v. *Bieber*, 148 Pa. St. 645, 648, 24 Atl. 170. This is true in the case of a continuing contract, the conduct of the party in default being such as to evince an intent on his part to abandon the contract and not to be bound by its terms. *Fish* v. *Folley*, 6 Hill (N. Y.) 54, 55. "Where such is the case, the entire damage, both past and prospective, may be recovered in a single action, and the judgment is a bar to any subsequent action." Hale on Damages (2d Ed.) p. 117; *Parker* v. *Russell*, 133 Mass. 74, 76; *Kalkhoff* v. *Nelson*, 60 Minn. 284, 288, 62 N. W. 332; *Dillon* v. *Anderson*, 43 N. Y. 231, 237.

The measure of damages in the present case is therefore reasonable compensation for the loss which the plaintiff suffered in being wrongfully deprived of the benefit of the agreement. That which it provided for was a sharing of anticipated profits. Such profits were, therefore, within the contemplation of the parties. *Cohn* v. *Norton*, 57 Conn. 480, 490, 18 Atl. 595; *Comstock* v. *Connecticut Ry. & Ltg. Co.*, 77 Conn. 65, 67, 58 Atl. 465. The measure of the loss must be found in the profits which under the agreement the plaintiff would have been entitled to receive. *Bagley* v. *Smith*, 10 N. Y. 489, 496; *Dennis* v. *Maxfield*, 10 Allen (Mass.) 138, 142; 2 Sedgwick on Damages (9th Ed.) § 625. If the compensation is to be adequate, as the law endeavors, as best it can, to make it, prospective as well as past profits must be taken into account in so far as the former are established with the requisite degree of

certainty in respect to both connection and amount. *Griffin* v. *Colver,* 16 N. Y. 489, 491; *Brigham* v. *Carlisle,* 78 Ala. 243, 249; *Schumaker* v. *Heinemann,* 99 Wis. 251, 256, 74 N. W. 785; 1 Sutherland on Damages (3d Ed.) § 63.

The question which arises in such cases relates not so much to the legal right of recovery as to the sufficiency of proof. There will be questions as to the proximate or remote character of the connection between the claimed profits and the alleged breach, and as to the certainty of the proof as to the amount. *Cohn* v. *Norton,* 57 Conn. 480, 493, 18 Atl. 595. The requirement of the law, however, is not that prospective profits, in order to furnish a foundation for recovery, must be established with absolute certainty. It is sufficient that it be shown that they are, in the ordinary course of events, reasonably to be expected. *Strohm* v. *New York, L. E. & W. R. Co.,* 96 N. Y. 305, 306; *Wakeman* v. *Wheeler & Wilson Mfg. Co.,* 101 N. Y. 205, 209; *Johnson* v. *Connecticut Co.,* 85 Conn. 438, 441, 83 Atl. 530; Hale on Damages (2d Ed.) p. 101; 1 Sutherland on Damages (3d Ed.) § 63.

It follows that the court in the situation before it was entitled to discover what the period prior to the trial had revealed in the way of gain, for the double purpose of determining what profits, if any, had accrued, to enter directly into its award, if the conditions seemed to justify it, and to draw therefrom, in connection with the other pertinent facts, such reasonable inferences as it might as to additional future profits. Evidence of past profits is admissible upon an inquiry as to prospective, but not, of course, conclusive. *Bagley* v. *Smith,* 10 N. Y. 489, 498.

The rule to be applied being as stated, the defendant's objections to the court's award, when looked at in the light of what the record does disclose, fade rapidly away.

The facts which are found show that there was evidence before the court, not only justifying a judgment for substantial damages, but rendering it impossible for us to say that the amount for which it was rendered was unwarranted, or reached by including speculative items.

The defendant is, of course, quite right in his contention that an award of full damages for the breach of the agreement as such, and additional damages for the plaintiff's claimed services to and expenditure for the joint enterprise, would be in the nature of a double allowance for the latter items, since they formed a part of the plaintiff's contribution to the undertaking. But we cannot assume that such an award was made.

There is no error.

In this opinion the other judges concurred.