[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO SET ASIDE VERDICT
The defendant moves to set aside the verdict in favor of the plaintiff essentially on the following grounds:
(1) The oral partnership interest claimed by the plaintiff was for an interest in real estate and violated the Statute of Frauds;
(2) the court improperly excluded evidence offered by the defendant concerning the availability of funds to honor the check offered by the plaintiff and accepted into evidence;
(3) claimed error in allowing the plaintiff's expert, a real estate appraiser, to testify as to the damages suffered by the plaintiff.
(1) The Appellate Court has previously examined this case and considered the type of partnership involved. The court recognized that this partnership was not one for an "interest CT Page 1266 in real estate" as contemplated by the Statute of Frauds, Jacobs v. Thomas, 18 Conn. App. 218, 222 (1989). See also Maguire v. Kiesel, 86 Conn. 453, 458-459 (1913). No further discussion of this claim is warranted.
(2) The evidence offered by the defendant of the plaintiff's check ledger was to challenge the validity of the plaintiff's check, i.e., the defendant's claim was that the check had no funds behind it. The defendant asserts that this was a challenge to the plaintiff's credibility.
The court excluded it because (a) it did not challenge the plaintiff's credibility because the check was offered only as corroboration of the plaintiff's claimed oral contract, (b) the check ledger was in no way proof of the validity of the check, (c) the check had never been tendered by the defendant, so its validity was not in question, (d) it was extrinsic evidence not properly admissible, see State v. Velez,17 Conn. App. 186, 194 (1988), L.F. Pace Sons, Inc. v. Travelers Co., 9 Conn. App. 30, 50-51 (1986);
(3) the defendant's third claim that the testimony of the plaintiff's expert, a qualified real estate appraiser, was improper and insufficient is equally without merit.
Unquestionably, the plaintiff's expert satisfied the standards imposed by our Supreme Court as enunciated in such cases as State v. Forrest, 216 Conn. 139, 146-147 (1990), and Davis v. Margolis, 215 Conn. 408, 416-417 (1990). The question as to the expert's usefulness to the jury was obvious. This expert was an expert in real estate evaluation, the subject of the alleged partnership. Clearly, the jury was aided by his testimony concerning the rehabilitated buildings, their increase in value, etc.
The defendant, however, claims that, in addition, this testimony was unable to offer to the jury a sound basis on which to find damages in accordance with the standards laid down by our Supreme Court in West Haven Sound Development Corporation v. West Haven, 20, Conn. 305 (1986).
In that case, the court discussed the standards by which losses claimed by the plaintiff [in a breach of contract action] may be identified and valued." Id. 332 (emphasis in original).
In West Haven Sound, the jury returned a plaintiff's verdict and awarded the plaintiff $3,100,000. Id. at 308. The defendant City appealed the verdict to the Supreme Court arguing, inter alia, that the trial court had erred in allowing a certified public accountant, the plaintiff's expert witness, CT Page 1267 to testify as to the value of the plaintiff's business at the time of the breach and to testify to the value that the plaintiff's restaurant would have had, had the defendant City not breached its contract to permit redevelopment of the Savin Rock area. Id. at 316. In its analysis, the Supreme Court treated the plaintiff's claim for damages to the "going concern" value of its business as a claim for lost profits for breach of contract. Id. at 319.
In discussing recovery for lost profits in a breach of contract action, the court wrote:
 "The general rule in breach of contract cases is that the award of damages is designed to place the injured party, so far as can be done by money, in the same position as that which he would have been in had the contract been performed. [Citations omitted.]" It has traditionally been held that a party may recover "general" contract damages for any loss that may fairly and reasonably be considered [as] arising naturally, i.e., according to the usual course of things, from such a breach of contract itself." Hadley v. Baxendale, 9 Ex. 341, 354, 156 Eng. Rep. 145 (1854). [Citations omitted.] [The Connecticut Supreme Court] has consistently applied the general damage formula of Hadley v. Baxendale to the recovery of lost profits for breach of contract, and it is [the court's] rule that, "[u]nless they are too speculative and remote, prospective profits are allowable as an element of damages whenever their loss arises directly from and as a natural consequence of the breach."
West Haven Sound Development Corporation v. West Haven, supra, 319-20, quoting Kay Petroleum Corporation v. Piergrossi, 137 Conn. 620,624 (1951). To recover prospective profits for breach of contract "[r]easonable certainty of proof is all that is required, and mere uncertainty as to the amount of lost profits may be dispelled by the same degree of proof as is required in other civil actions, that is the amount may be recovered upon reasonable inferences and estimates." Id. at 320, quoting Burr v. Lichtenheim 190 Conn. 351, 360 (1983).
The case of Maguire v. Kiesel, supra, is analogous to the instant case. In Maguire, the plaintiff's complaint alleged that the plaintiff and defendant had entered into a partnership agreement "to share equally in the profits that should be made from the purchase of a lot of land, the building and rental of a house thereon and the sale thereof, if the opportunity to sell should be had." Id. at 456. The plaintiff then alleged CT Page 1268 that the defendant had breached their agreement. The plaintiff's complaint sought damages for anticipated profits. The trial judge rendered a $1,100 judgment in favor of the plaintiff and the defendant appealed.
On appeal, the Supreme Court found no error. The court discussed the appropriate measure of damages in a breach of contract action and wrote:
 [T]he measure of damages in the present case is therefore reasonable compensation for the loss which the plaintiff suffered in being wrongfully deprived of the benefit of the agreement. That which it provided for was a sharing of anticipated profits. Such profits were, therefore, within the contemplation of the parties.
Id. at 460.
This court is of the opinion therefore that this claim of the defendant also has no merit.
For the above reasons, the defendant's motion to set aside the verdict is denied.
FREED, J.