THOMAS S. HALL AND OTHERS *vs.* ISADORE H. SOLOMON.

Hartford Dist., Jan. T., 1892.   CARPENTER, SEYMOUR, TORRANCE, FENN and F. B. HALL, Js.

It is not the office of a deed to express the terms of the contract of sale, but to pass the title pursuant to the contract. Therefore a parol agreement, being a part of the consideration of the sale, restricting the use of the premises in some particular, is not merged in the deed, and does not qualify or in any way affect the title to the land; and the admission of parol evidence to prove such an agreement is not an infringement of the rule that parol evidence is not admissible to contradict, vary or explain a written instrument.

An agreement by a grantee not to carry on a particular kind of business on the premises conveyed, is not within the statute of frauds as "an agreement for the sale of real estate or an interest in or concerning it."

And it is generally held that contracts which may be performed within one year are not within the statute.

*H* and *N*, as trustees under a will authorizing them to sell real estate of the testator, sold and conveyed a considerable number of neighboring building lots, in each case taking a parol agreement that no portion of the premises sold should be used for the sale of intoxicating liquors. This agreement was a part of the consideration of the sale, and the fact that it was required of all the purchasers was an inducement in most cases to the purchase. The defendant purchased one of the lots and erected a building upon it, and afterwards threatened to lease a portion of it for a liquor saloon, and the trustees and most of the other purchasers joined in a petition for an injunction against the use of the premises for such a purpose. The court below granted a permanent injunction. Held that it was properly granted.

The defendant contended that the devisees were the owners and that the trustees had no power to convey and that consequently no title passed and the agreement did not take effect.   One of the trustees was interested in the estate as a devisee and the other was the agent of all the devisees; the defendant had paid a full consideration for the purchase, which was received and retained by the devisees; and he had occupied the lot for several years without molestation.   Held that if his title was imperfect a court of equity would perfect it, and that the agreement was not affected by the fact.

The devisees were desirous that the agreements in question should be made.   Held to be immaterial whether one of the trustees, who was agent for all the owners, made the agreements alone or jointly with the other trustee.   Equity would regard them as having been made with the owners.

A store upon one of the lots sold had been occupied by a druggist, who, under a license and without objection on the part of the purchasers of the other lots, had sold liquors as they are ordinarily sold by druggists, but not to be drunk on the premises.   Held not a sufficient reason for refusing the injunction.

The parties had interpreted the agreements as allowing such sales.   Held that they might properly be so regarded.

Two of the original purchasers had sold to other parties, who were not parties to the agreement.   One bought with knowledge of it and was now one of the plaintiffs, and the other had never used his premises for the sale of liquor.   Held not to affect the plaintiffs' right to the relief sought.

[Argued January 26th—decided February 29th, 1892.]


Suit for an injunction against the use of certain premises for the sale of liquors ; brought to the Superior Court in Hartford County, and heard before *Robinson, J.*   Facts found and a permanent injunction granted, and appeal by the defendant.   The case is fully stated in the opinion.

*J. Walsh,* for the appellant.

1. The deed is conclusively presumed to contain the whole agreement in relation to the land and its use.  *Dean* v. *Mason,* 4 Conn., 432 ;  *Galpin* v. *Atwater,* 29 id., 99 ;  *Allen* v. *Rundle,* 45 id., 528 ;  *Pierpont* v. *Longden,* 46 id., 500 ;  *Osborne* v. *Taylor,* 58 id., 439 ;  *Beard* v. *Boylan,* 59 id., 186 ;  *Spencer* v. *Allerton,* 60 id., 410.

2. The deed being conclusively presumed to contain the whole agreement, parol evidence to vary it cannot be re-

ceived. The parol evidence adduced by the plaintiffs, to prove an absolute deed to be a deed upon condition, was entirely inadmissible. No case determined in a court of law proving its admissibility can be cited, and it is believed that none such exists. *Gilbert* v. *Bulkley*, 5 Conn., 262; *Reading* v. *Weston*, 8 id., 120; *Elliott* v. *Wood*, 44 id., 23; *Townsend* v. *Weld*, 8 Mass., 146; *Brigham* v. *Rogers*, 17 id., 571; *Harlow* v. *Thomas*, 15 Pick., 66; *Howe* v. *Walker*, 4 Gray, 318; *Tucker* v. *White*, 125 Mass., 344; *Simanovich* v. *Wood*, 145 id., 180; *Morse* v. *Shattuck*, 4 N. Hamp., 229. In the case at bar it was never intended that the restriction as to the use of the land should be incorporated in the deeds, and the novel claim is made that a written agreement, and a parol agreement inconsistent therewith, can exist and be enforced at the same time. Cases may be cited where a person agrees not to carry on a certain business at a particular place, and such agreement has been upheld as not being for an interest in real estate. The agreement here in question is not that the purchaser shall not engage in the particular business, but that the land shall not be used for that purpose, the alleged agreement plainly having reference to the land and not to the individual. The case of *Bostwick* v. *Leach*, 3 Day, 475, where a mill owner sold his mill fixtures, and agreed not to run the mill thereafter, if recognized now as law, can be sustained upon the above distinction.

3. We further claim that the plaintiff Hall never was an executor, that the only living executor was Lauretta S. North, at the time the deeds were made. If she had made the deed as executrix, she had no power or authority to make such a condition or agreement upon the sale of the land. She had a mere naked power to sell, and her duty was simply the conveyance of all the interest of the deceased in the land. The clause in the will in relation to the sale of the real estate is as follows :—" Also I empower and direct my said executors to sell and convert into cash the whole or any part of my real estate, in case my wife shall desire to have the same sold." This is a mere power to sell. The estate is not devised to them, and the executors cannot by any

agreement bind the estate as to any condition, or the heirs. The power of sale is a mere naked power. They are not clothed with the title to the land, and have no interest in it. They therefore could not burden it or any part of it with conditions or easements, one in favor of the other. *Atwater* v. *Perkins*, 51 Conn., 188. See also *Thompson* v. *Stewart*, 3 Conn., 183 ; *Mitchell* v. *Hazen*, 4 id., 513 ; *Rhodes* v. *Seymour*, 36 id., 1 ; *Hodges* v. *Saunders*, 17 Pick., 476 ; *Taylor* v. *Galloway*, 1 Ohio, 232 ; 2 Kent's Com., 620 ; Story on Agency, § 168.

4. The alleged agreement of the executors or trustees being by parol, it is void by the statute of frauds. They having no power to make such a contract to bind the estate, it must be with them personally, and should be in writing. Schouler on Exrs., § 255. It is also void by the statute of frauds, as an agreement for an *interest in or concerning real estate.* It gives the plaintiffs a negative easement in the real estate of the defendant. An easement is a privilege without profit, which the owner of one tenement has a right to enjoy in respect of that tenement in or over the tenement of another person, by reason whereof the latter is obliged to suffer or *refrain from doing something* on his own tenement for the advantage of the former. Goddard on Easements, 2. In America it is well settled that *covenants* between adjoining land owners that one estate shall thereafter enjoy certain rights and privileges in the other, as that no buildings shall be erected thereon, create an interest in the nature of an easement, which may be enforced in favor of the so-called dominant estate over the other, either at law or in equity. Id., 89. Easements being incorporeal rights, follow the rule which is binding in all other cases of incorporeal rights, and can be created only by *deed.* They cannot be created by *parol,* or by writing not under seal. Id., 88. See also *Rice* v. *Roberts*, 24 Wis., 461 ; *Wolfe* v. *Frost*, 4 Sandf. Ch., 72 ; *Pitkin* v. *Long Island R. R. Co.*, 2 Barb. Ch., 221. The contract is also void under the statute because not to be performed within a year. It is seven years since it was made. If it appears to be the understanding of the parties

to a contract at the time, that it was not to be completed within a year, though it might be and was in fact part performed within that time, it is within the clause of the statute, and if not in writing cannot be enforced. The word used in the statute is "performed," which *ex vi termini* must mean the complete performance or consummation of the work. *Comes* v. *Lamson*, 16 Conn., 251; *Boydell* v. *Drummond*, 11 East, 155; 1 Smith's Lead. Cases, 319, note to *Peter* v. *Compton*. It is perfectly apparent that if any contract exists at all these parties intended it should continue for much longer than a year. The court has found that it was intended to be permanent.

5. The trustees and the other plaintiffs having allowed a violation of their alleged contract on part of the premises, they are not entitled to relief. A covenantor whose own acts have been inconsistent with the covenant, or who has acquiesced in the doing of acts which are inconsistent with it, cannot come to a court of equity to have the covenant or contract enforced. Thus, where the leases of an estate contained covenants by the lessees which were intended to be for the general benefit of them all, as a covenant to build upon a uniform plan, and the landlord let loose some of the tenants from the obligations of the covenants, the court would not interfere to prevent a similar infringement by others of the tenants. Kerr on Injunctions, 496. Nor will the court interfere if the contract is vague, indefinite or uncertain in its terms. Id., 495. Where there was a covenant with vendees, vendor and each other as to building, it was held that a breach by one vendee, permitted by the vendor, would bar a suit by him, even against a vendee who bought and entered into the covenant after such breach. *Peck* v. *Matthews*, L. R., 3 Eq., 515.

6. The claim is that the restriction was intended for the whole property. Two of the original grantees having conveyed their land, the agreement, if any, does not confessedly bind them, and there is a want of mutuality in the present contract, on account of which a court of equity will not en-

force it. Willard's Eq. Jur., 268; *Badger* v. *Boardman*, 16 Gray, 559.

*C. E. Perkins* and *F. L. Hungerford*, for the appellees.

CARPENTER, J. On the 19th of April, 1884, Thomas S. Hall, one of the plaintiffs, and Lauretta S. North, trustees of the estate of Henry North, deceased, being duly authorized by the will of said Henry North to sell and convey real estate held by them in trust, sold and conveyed a. building lot on Main street in the city of New Britain, to the defendant. About the same time, and within one or two years before, they also sold other building lots in the immediate vicinity to other parties. The several purchasers, including the defendant, entered into a parol agreement with the trustees that no portion of the premises so sold should be used for the sale of intoxicating liquors. This agreement was in each case a part of the consideration of the sale. The fact that such an agreement was required of each of the purchasers was an inducement operative with most of the purchasers in buying the lots and locating their business in that locality. Most of the purchasers are co-plaintiffs with said Hall.

It is alleged, and found true, that the "defendant now intends to use or allow to be used the premises bought by him as aforesaid, for the sale of liquors, and that he threatens to lease the lower or main floor of the building erected by him on said land to one James Dawson, for the purpose of establishing and carrying on a liquor saloon."

The Superior Court issued a permanent injunction, restraining the defendant from using, or allowing to be used, his said premises for the purposes of a liquor saloon or for the sale of intoxicating liquors. The defendant appealed.

The first reason of appeal is, that the court erred in admitting parol evidence of such agreements, " on the ground that all parol statements, representations or agreements in relation to said land were merged in said deeds; that the deeds are conclusively presumed to contain the final and

whole agreement in relation to said land; and that such parol evidence was an attempt to vary, qualify and contradict the absolute language of said several deeds and their legal operation and effect."

It will be remembered that it is not the office of a deed to express the terms of the contract of sale, but to pass the title pursuant to the contract. Therefore a parol agreement, being a part of the consideration for the sale, restricting the use of the premises in one particular, for a limited period, is not merged in the deed, and does not qualify or in any way affect the title to the land; and the admission of parol evidence to prove such an agreement is no infringement of the rule that parol evidence is not admissible to contradict, vary or explain a written instrument. *Collins* v. *Tillou*, 26 Conn., 368; *Pierce* v. *Woodward*, 6 Pick., 206; *Willis* v. *Hulbert*, 117 Mass., 151; *Tallmadge* v. *East River Bank*, 26 N. York, 105.

The 3d, 4th, 5th, 6th, 14th and 15th reasons of appeal may be considered together. They in effect deny the power of the trustees to sell real estate, having no authority under the will, and not being authorized by any court to do so; deny that any title was conveyed to the purchasers; and deny that the trustees had any power to make the contracts in question with the purchasers.

It may be that there is a defect of power in the trustees to make these conveyances; but it does not follow that the deeds are void. Thomas S. Hall, the husband of one of the devisees, and the agent of all of them, the devisees being the owners of the Main street property, made contracts for the sale of these lots. The deeds, which were designed to pass the title pursuant to the contracts, were executed by Lauretta S. North and Thomas S. Hall as trustees. Lauretta S. North was the widow, and as such had an interest in the estate, was in fact a trustee, and was executrix. Thomas S. Hall was interested as husband of one of the devisees, and was trustee. He was also the agent of the other devisees. Each purchaser paid a valuable consideration, of which the devisees now have the

benefit, took possession of the premises, made valuable improvements thereon, and have enjoyed the same unmolested until the present time. Under these circumstances a court of equity, if need be, will have no difficulty in finding a way in which to complete and quiet the purchaser's title. They cannot therefore be heard to say that they took nothing by their deeds, and consequently that their agreements concerning the use of the land were void. As the plaintiffs' counsel well remark, this objection misapprehends the capacity in which the persons acted who made the agreements with the several purchasers, and the parties benefited by said agreements. " It was the desire of the owners of the land, namely, the devisees under the will of Henry North, that no portion of the premises fronting on Main street should be used for the sale of intoxicating liquors." Thomas S. Hall was the agent of these owners ; and whether he alone made the several agreements, or made them jointly with Mrs. North, is immaterial. In either case equity will regard them as having been made with the owners. In that view there is no difficulty in regarding the agreements as valid, and as a part of the consideration for the deeds.

The 7th, 8th and 9th reasons of appeal relate to the statute of frauds. The language of the statute is—"or upon any agreement for the sale of real estate, or any interest in or concerning it." Counsel for the defendant do not in their reasons of appeal, or in their brief, bring the case quite within the language of the statute. They contend that it is an agreement for an interest in or concerning real estate. An agreement for the sale of an interest in or an interest concerning real estate contemplates a transfer of some portion of the title. An agreement not to carry on a particular kind of business on certain premises is not an agreement for the sale of an interest in or concerning said premises. In 1809 this court said:—"The agreement not to use his mill after a certain day is not within the statute of frauds and perjuries ; for this statute contemplates only a transfer of lands or some interest in them." *Bostwick* v. *Leach*, 3 Day, 476. That is as sound law to-day as it was eighty

years ago. See also Encyclopedia of Law, vol. 8, pp. 701, 703.

Nor is it an agreement not to be performed within one year, under another clause of the statute. It has been pretty uniformly held that contracts which may be performed within one year are not within the statute. *Peters* v. *Inhab. of Westborough*, 19 Pick., 364; *Roberts* v. *Rockbottom Company*, 7 Met., 46; *Lyon* v. *King*, 11 Met., 411; *Doyle* v. *Dixon*, 97 Mass., 212.

The 10th reason of appeal is, that "the court erred in holding that the plaintiffs were entitled to relief, they having allowed a violation of the alleged contract or agreement on the premises of the plaintiffs."

We suppose that this refers to the case of the druggist. The finding is as follows:—"Up to the present time all the owners of said premises have faithfully performed and kept their agreement as to the use of the premises for the sale of intoxicating liquors, unless it be that one of the stores has been occupied as a drug store, where under a so-called package license liquors have been sold as ordinarily sold by druggists, but not to be drunk upon the premises. None of the owners of the property have objected to such a use of said store." We are inclined to think that such a use is not within the prohibition of the agreement. The parties in interest so interpreted it and we may properly so regard it.

Under the 11th reason of appeal it is insisted that there is a want of mutuality in the agreement by reason of which a court of equity will not enforce it, because two of the original purchasers have conveyed their lands, and the agreement, if any, does not bind their grantees. The finding shows that Andrew J. Sloper and William C. Pope, soon after their purchases, sold their lots to S. W. Damon and William I. Fielding respectively. Damon bought with knowledge of the agreement and is a party plaintiff. The other purchaser has never used his premises for the sale of liquor, though not a party to this proceeding. We do not think that these sales ought to defeat the plaintiffs' right of action.

The 16th and 17th reasons of appeal are, in substance, that a present injunction will not lie against the defendant on account of the alleged lease to Dawson. This objection was not pursued by the defendant's counsel in the argument and is not noticed in the brief.

We will only add that the lease appears not to have been consummated. At first it was on condition that Dawson should receive a license. A license was at first refused. Subsequently the commissioners voted to grant it; but Dawson has never called for it or paid for it. He took possession just before the injunction was served, but has made little or no use of it since, and has paid no rent. He had full knowledge of the claims of the plaintiffs. Under these circumstances we do not think the court was bound to notice Dawson's interest as lessee.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.