HENRY J. BOWIE *vs.* COFFIN VALVE COMPANY.

Suffolk.    March 15, 1910. — June 27, 1910.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Contract,* Construction.    *Agency.*

Where an engine company agrees for a price named to furnish an engine for a valve company, " supplying man's time for three days, or less, to superintend the erection of engine ready for steam connections and, if connections are made without delay, to start engine under steam, turning it over to you in running order you paying his expenses and furnishing laboring help as needed," the man sent under this provision to superintend the setting up of the engine at the works of the valve company, while he is engaged in supervising the setting up of the engine, is in the employ of the engine company, and the valve company is not liable for an injury caused by his negligence.

TORT for personal injuries received by the plaintiff on April 21, 1904.    Writ dated October 3, 1904.

In the Superior Court the case first was tried, together with a like action brought by the same plaintiff against the Fitchburg Steam Engine Company, before *Richardson,* J., who in each case ordered a verdict for the defendant.    Exceptions alleged by the plaintiff were sustained by this court in a decision reported in 200 Mass. 571.

The cases were tried again before *De Courcy,* J., who allowed the case against the Fitchburg Steam Engine Company to go to the jury,* but in the case against the Coffin Valve Company

---

* In the case against the Fitchburg Steam Engine Company the jury returned a verdict for the plaintiff, and that defendant alleged exceptions, which were waived when the case was reached at the sitting of this court in January, 1910.

ordered a verdict for the defendant.  The plaintiff in that case alleged exceptions.

The plaintiff's injuries were received while he was assisting in the erection of an engine in the new engine-room of the defendant.  The engine was being installed by the Fitchburg Steam Engine Company under a contract with the defendant.

The defendant contracted with the Fitchburg Steam Engine Company for the erection of an engine at the defendant's works in that part of Boston called Neponset.  The Fitchburg Steam Engine Company agreed to furnish the engine, superintend its erection and deliver it in running order.  It sent a man named Daniels to superintend the erection, and all the work done about the engine was under his sole supervision and control.  He was not subject to the control of the defendant as to the manner in which he set up the engine.  The accident happened on account of the negligence of Daniels in directing the work to be done.  The engine was being erected in a new building which was not yet completed, one side being unfinished.

The plaintiff testified that one Chadbourne, the general manager of the defendant, took him to the new engine-room and told him to do what Daniels ordered.  The plaintiff thereafter worked entirely under the directions of Daniels.

The plaintiff also called Chadbourne as a witness, and through him introduced in evidence a contract in writing between the Fitchburg Steam Engine Company and the Coffin Valve Company, of which the following abstract contained the only portion material to the issue in this case.  " We will furnish foundation plan and deliver the engine on cars here supplying man's time for three days, or less, to superintend the erection of engine ready for steam connections and, if connections are made without delay, to start engine under steam, turning it over to you in running order you paying his expenses and furnishing laboring help as needed, all for the sum of thirteen hundred fifty and no one hundredths ($1350) dollars. . . ."

This witness testified that he was, at the date of the accident, the general manager of the Coffin Valve Company; that Daniels was sent by the Fitchburg Steam Engine Company and was received by the Coffin Valve Company under the terms of this contract to superintend and set up the engine; that the engine

had been shipped from Fitchburg, and the witness did not know whether or not the contract price for the engine had been paid; that the engine had been unloaded from the cars in Neponset at the factory of the Coffin Valve Company by workmen in the employ of the Coffin Valve Company and that the various parts had been placed by them in the engine room; that the Coffin Valve Company built the bed on which the engine was to rest; and that one Perry, a superintendent of the Coffin Valve Company, gave Daniels directions where to set up the engine but did not give him any directions as to the details of setting it up; that Daniels superintended the erection of the engine; that Perry came there occasionally and looked at the engine; that Perry did not talk with the workmen at all, but that he spoke once or twice with Daniels; and that Daniels stayed there until the engine was completely set up.

*J. L. Keogh,* (*C. Toye* with him,) for the plaintiff.

*J. Lowell & J. A. Lowell,* for the defendant.

LORING, J. At the trial after the decision in *Bowie* v. *Coffin Valve Co.* 200 Mass. 571, both defendants rested upon the plaintiff's testimony. The presiding judge directed a verdict for the defendant in this action (the action against the Valve Company) and submitted the case to the jury in the action against the Engine Company.

The only attempt to make out negligence on the part of the defendant was by showing that Daniels was negligent and that he was a superintendent of the defendant within R. L. c. 106, § 71, cl. 2.

But we are of opinion that by the true construction of the contract between it and the Valve Company the Engine Company agreed, as a contractor, to do the work of superintending the erection of the engine and that the Engine Company did not agree to lend one of its employees to the Valve Company to act as the Valve Company's superintendent in erecting the engine. That is to say, as matter of law Daniels was in the employ of the Engine Company at the time of the accident and not in that of the defendant.

It follows that the ruling was right.

*Exceptions overruled.*