No. 9991.

THOMAS REALTY COMPANY, ET AL. *v.* GUTHRIE.

Decided February 6, 1922.

Action to have a deed declared a mortgage.   Judgment for plaintiff.

*Affirmed.*

1.  REAL PROPERTY—*Deed a Mortgage.*  A husband conveyed land to his wife with the agreement on her part that she would at any time on his request, convey or mortgage it to raise money for use in his business.  Under this agreement she executed a warranty deed to secure a loan to him.  Held, that on payment of the debt so secured, the property should be conveyed to her heirs, she having died in the meantime.

2.  STATUTE OF FRAUDS—*Oral Conveyance of Land.*  An oral agreement to convey land is void under the statute of frauds.

3.  WITNESSES—*Competency—Suit by Heir.*  An adverse party may not testify in an action brought by one to enforce his rights as an heir.

*Error to the District Court of the City and County of Denver, Hon. Thomas J. Black, Judge.*

Mr. GEORGE F. DUNKLEE, Mr. EDWARD V. DUNKLEE, for plaintiffs in error.

Mr. WILLIAM W. GARWOOD, Mr. OMAR E. GARWOOD, Mr. HARRY SOBOL, Mr. FRANCIS G. RICHE, for defendant in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

GUTHRIE had judgment below upon a bill brought by him to declare a deed to be a mortgage. The deed was executed by his mother. The defendants below, said Realty Company and Chris Irving, bring error.

The essential facts are as follows: In 1903 Irving purchased the land in question, took title in his wife, Anna C. Irving, built a house upon the property and dwelt there with her. In 1914 she executed a warranty deed to The S. J. Thomas Realty Company to secure a loan made to her husband. The deed was not then recorded. In 1920 Anna C. Irving died. Thereafter Irving paid the debt, the S. J. Thomas Realty Company executed a quit-claim to him and thereupon he recorded the two deeds.

Guthrie, who is the son of Anna C. Irving by a former marriage, claims that the warranty deed was a mortgage, and therefore the property, upon the payment of the debt, should have been re-conveyed to Mrs. Irving's heirs, who are the plaintiff Guthrie and the defendant Irving.

It is claimed for Irving that he purchased the property in question and built the house out of his own funds; that his wife contributed nothing; that he took the title in her name under an oral agreement with her that at any time he needed to raise money to use in his business she would at his request convey or mortgage the property for that purpose, and that the said warranty deed was made in fulfillment of that agreement; that, being so fulfilled, the transaction is not within the statute of frauds, that by the delivery of the warranty deed to the company Mrs. Irving parted with all title to the property, that the mortgage evidenced by said warranty deed was therefore the mortgage of Chris Irving and not of his wife, and so the release thereof, viz., the quitclaim deed, was due to him and not to her or her heirs.

The flaw in this reasoning is that it assumes without proof that Mrs. Irving by her deed parted with all title. The proof is (we assume for the purpose of argument that it is sufficient) that she agreed to mortgage or convey. She mortgaged. We must assume that the court so found

and we think the evidence justified the finding. She kept her agreement. But upon payment she must receive a release. True, the mortgage was to secure her husband's debt, but nevertheless, the equity of redemption, in the absence of proof to the contrary, remains hers. Suppose she had executed an instrument in form a mortgage; would any one claim that the release should not go to her? But a mortgage is nothing but a warranty deed with a written defeasance. Here the defeasance is oral. Is not the result the same?

If it is claimed that the agreement was to mortgage *and* convey upon request, and that therefore Mr. Irving might have demanded conveyance from his wife and so would now have a right to demand conveyance and therefore has a right to retain the property, the answer is that the fulfillment of the contract to mortgage cannot validate the agreement to convey. That agreement is still a naked oral contract, void under the statute of frauds.

It is possible that Mr. Irving's testimony would have changed the result but it was rightly excluded under the statute because plaintiff was seeking to enforce his rights as heir.

The above makes it unnecessary to notice the other points urged in support of the judgment.

Judgment affirmed.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE BAILEY not participating.