·No. 11,295.

THORNTON, ET AL. *v.* SCHOBE.

Decided December 14, 1925.   Opinion adhered to February 15, 1926.

Action in injunction.   Judgment of dismissal.

*Reversed.*

1. CONTRACT—*Statute of Frauds—Part Performance.* Plaintiffs purchased land of defendant, the latter agreeing that he would not build any business blocks on near-by property. In an action to enjoin the building of a store, the defense being that the contract was void under the statute of frauds, it is held that the purchase was not such part performance as to defeat the operation of the statute, if it was applicable under the facts disclosed.

2. FRAUD—*False Representations—Pleading.* Claim of deceit by false representations cannot be considered where there is no statement in the complaint that any representation of a present fact or past event was false.

3.  STATUTE OF FRAUDS—*Real Property—Use.* On a purchase of real property, an agreement restricting the use of the land is not within the statute of frauds, because it does not relate to an interest in the land, but merely to its use. ·

4.      *Construction.* ''Power'' is used in the statute, as suggested by its connection with ''trust,'' in the technical sense of power to convey or otherwise dispose of lands as in wills, declarations of trust, trust deeds, and letters of attorney, and does not embrace restrictions of use.

5.  INJUNCTION—*Building Operations—Suit Pending.* If one in the face of a pending suit for injunction does the thing sought to be enjoined, he cannot thus outwit equity and the court, but must restore the status quo should judgment go against him.

*On Rehearing.*

6.      *Completion of Building Pending Review.* In an injunction proceeding to restrain building operations in violation of an alleged contract, defendant having prevailed below and completed his building pending a review on writ of error would still be liable for a violation of his contract should the case be decided against him on error.                                        .

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Messrs. SABIN, MCGLASHAN & SABIN, for plaintiffs in error.

Mr. ALBERT G. CRAIG, Mr. IVOR O. WINGREN, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

A DEMURRER to the complaint on the ground of insufficient facts was sustained; plaintiffs stood by their complaint; the cause was dismissed and they bring error.

The point in question is whether the contract on which the complaint is based is void under the statute of frauds. It was stated and promised by defendant that if plaintiffs would buy certain portions of his land he would not build, upon certain of his remaining land near by, "any apartment house, garage or buildings used or to be used for business or store purposes, and that said territory was restricted territory, in which no store, garage, rooming house or apartment house could be built or constructed." The bill was to enjoin him from so doing. It alleged, of course, that the said promise was in consideration of their respective purchases, that they purchased and paid in reliance on it and that defendant was about to build a store in breach of it.

Plaintiffs in error rely on part performance. We think, however, under *Knoff v. Grace,* 68 Colo. 527, 530, 190 Pac. 526, 10 A. L. R. 1492; *Sprague v. Kimball,* 213 Mass. 380, 384, 100 N. E. 628, 45 L. R. A. (N. S.) 962, Ann. Cas. 1914A, 431; *Thomas Realty Co. v. Guthrie,* 71 Colo. 98, 204 Pac. 330, their position cannot be maintained. *Lewis v. Gollner,* 129 N. Y. 227, 26 Am. St. Rep. 516, is a strong case for them, but $6,000 was there added to the purchase price of the lots to obtain the agreement not to build the offensive buildings near by. That distinguishes that case from this and from *Knoff v. Grace, supra,* and shows that in principle it is not in conflict with the latter. The $6,000 was full performance inconsistent with Gollner's theory of the contract.

Plaintiffs in error also claim deceit by false representation, but we find in the complaint no statement that any representation of a present fact or past event was false.

But they make the further point that an agreement restricting the use of land is not within the statute of frauds because it does not relate to an interest in land but merely to its use. We think he is right. *Hall v. Solomon,* 61 Conn. 476, 29 Am. St. Rep. 218, 23 Atl. 876;

*Leinau v. Smart,* 11 Humphreys (Tenn.) 308; *Bostwick v. Leach,* 3 Day (Conn.) 476. Just as profits on the purchase and sale of land are not an "estate or interest" in the land *(Von Trotha v. Bamberger,* 15 Colo. 1, 24 Pac. 883), so the method of use of land is not such estate or interest. See also 8 Am. & Eng. Enc. Law (1st Ed.), 701, 703; *Storms v. Snyder,* 10 Johns. (N. Y.) 109.

In *Rice v. Roberts,* 24 Wis. 461, 1 Am. Rep. 195, the court holds that a contract not to build nearer than three feet of the street line was within the statute because giving an interest in or power over land, and *Sprague v. Kimball, supra,* holds building restrictions to be interests in or concerning lands.

There are other cases which more or less directly support either side of this controversy, but we think that reason is with the plaintiffs in error, that an agreement not to build a certain sort of building on certain land is not a transfer of an estate or interest therein nor a trust or power over it. "Power" is used in the statute, as suggested by its connection with "trust," in the technical sense of power to convey or otherwise dispose of the lands as in wills, declarations of trust, trust deeds and letters of attorney, and does not embrace restrictions of use.

It is claimed that the questions in the case have become academic because the buildings sought to be enjoined have been finished. We do not think this claim is sound. If one in the face of a pending suit for an injunction does the thing sought to be enjoined he cannot thus outwit equity and the court, but must restore the status quo. *Smith v. Graham,* 147 N. Y. Supp. 773; *Turney v. Shriver,* 269 Ill. 164, 109 N. E. 708; *New Haven Clock Co. v. Kochersperger,* 175 Ill. 383, 51 N. E. 629.

Judgment reversed and cause remanded.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.

*On Rehearing.*

MR. JUSTICE DENISON.

It is forcibly argued that since the defendant Schobe finished the building after the decree in his favor and before the issue of the writ of error, the case has become a mere moot case. The argument is that the writ of error is, as this court has many times decided, a new suit; that therefore when the building was finished there was no suit pending, and that it follows that the plaintiff might rightfully build then even though it should subsequently be decided that to do so was a violation of his contract. The fault of the reasoning is in the conclusion. It does not so follow. It does follow that in building during such interim he is not in contempt of court, but he is still violating his contract.

The cases of bona fide purchase after decree and before writ of error are not analogous. There it is the right of one not a party to either suit, neither the decree nor the writ of error, that is in question. Constructive notice of a suit pending is the principle involved. Here the question is whether a party to a suit may lawfully violate a contract which has been held not to bind him by a decree which is afterwards reversed. He is, of course, free to do as he likes, but he must take the risk of a subsequent reversal. So if I have a judgment against Smith I may collect it on execution but I must make it good to him if on writ of error I am ultimately defeated.

We adhere to the former opinion.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.