Alan B. NICOL and Karen B. Nicol; Robert L. Hoerr and Jere L. Hoerr; James B. Turner and Mary Katherine Turner; Donald A. Anderson and Ruth L. Anderson, Plaintiffs–Appellees,

v.

Ken NELSON, a/k/a Kenneth M. Nelson; Daniel E. Hilty; Lydia B. Hilty; and Ken Nelson, d/b/a Albatross Company, a common law contractual investment organization organized under the laws of the Turks and Calcos Islands, British West Indies; Daniel M. Hall and Mary Ann Hall; Renee C. Leavitt; Marilyn K. Delmonico and Douglas J. Delmonico, Defendants–Appellants.

No. 88CA0140.

Colorado Court of Appeals, Div. I.

May 25, 1989.

Rehearing Denied June 15, 1989.

**1146**

Williams, Trine, Greenstein & Griffith, P.C., David W. Griffith, Boulder, for plaintiffs-appellees.

Holley, Albertson & Polk, P.C., Dennis B. Polk and Steven J. Niparko, Golden, for defendants-appellants.

TURSI, Judge.

Defendants, Ken Nelson and Daniel and Lydia Hilty, appeal from a judgment permanently enjoining them from developing a tract of land they own. We affirm.

Plaintiffs, Alan B. and Karen B. Nicol, Robert L. and Jere L. Hoerr, James B. and Mary Katherine Turner, and Donald A. and Ruth L. Anderson, purchased subdivision lots from defendant Ken Nelson. The lots bordered on the undeveloped tract in question and offered scenic views of an adjacent lake.

After defendants took steps to develop the property, plaintiffs commenced this action for injunctive relief. The trial court initially ruled that plaintiffs had an adequate remedy at law and dismissed their claim for equitable relief. However, on appeal, we reversed that ruling on the grounds that it was not clear as a matter of law that plaintiffs' legal remedies would be adequate to compensate for the losses suffered, and remanded the cause for a determination on the merits. *Benson v. Nelson,* 725 P.2d 71 (Colo.App.1986).

At trial after that remand, the trial court found that plaintiffs purchased their lots only after receiving assurances from Nelson (1) that the tract would remain undeveloped open space, (2) that the property was owned by a ditch company which had no plans to build on the land, (3) that he held an option to purchase the property if it became available, and (4) that he would not develop the land if it came under his ownership. Accordingly, it granted injunctive relief, and this appeal followed.

**I**

Defendants first argue that the trial court erred in awarding a permanent injunction because plaintiffs' claims were based on promissory estoppel. We disagree.

■ Contrary to defendants' argument, injunctive relief is, under these circumstances, a proper remedy for a claim based on promissory estoppel. Restatement (Second) of Contracts § 90 comment d (1979) concerning partial performance states the following example:

"A is about to buy a house on a hill. Before buying he obtains a promise from B, who owns adjoining land, that B will not build on a particular portion of his lot, where a building would obstruct the view from the house. A then buys the house in reliance on the promise. B's promise is binding, but will be specifically enforced only so long as A and his successors do not permanently terminate the use of the view."

This illustration is based on the case of *Miller v. Lawlor,* 245 Iowa 1144, 66 N.W.2d 267 (1954), and closely mirrors the facts at issue. Also, other courts have awarded injunctive relief when the claim was based on promissory estoppel. *See Thornton v. Schobe,* 79 Colo. 25, 243 P. 617 (1925); *Haines v. Minnock Construction Co.,* 289 Pa.Super. 209, 433 A.2d 30 (1981); and Restatement of Property § 524 (1944).

The doctrine of promissory estoppel is part of the common law of Colorado. *See Vigoda v. Denver Urban Renewal Authority,* 646 P.2d 900 (Colo.1982). The doctrine, as set forth in Restatement (Second) of Contracts § 90(1) (1979), provides that:

"A promise which the promisor should reasonably expect to induce action or a forbearance on the part of the promisee or third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires."

The purpose of the doctrine is to assure fairness in business relationships by protecting one who relies to his detriment on the promise of another. *Mooney v. Craddock,* 35 Colo.App. 20, 530 P.2d 1302 (1974). Thus, we hold that a plaintiff proceeding on a theory of promissory estoppel, under

facts such as these, may be granted injunctive relief.

## II

Defendants assert, however, that the statute of frauds, which requires that interests in real property be specified in writing, bars enforcement of Nelson's alleged oral promise. *See* § 38–10–108, C.R.S. (1982 Repl.Vol. 16A). We disagree.

■ The absence of a written contract cannot defeat a claim for relief when injustice to a promisee who has reasonably and justifiably relied on a promise can be prevented only by recognizing a right of recovery against the promisor. *Kiely v. St. Germain,* 670 P.2d 764 (Colo.1983).

The principle that detrimental action and justifiable reliance on an oral promise may be sufficient to override application of the statute of frauds and compel enforcement of the promise has been embodied in Restatement (Second) of Contracts § 139(1) (1979), which has been adopted in Colorado. *See Kiely v. St. Germain, supra.* That *Restatement* section states:

"A promise which the promisor should reasonably expect to induce action or a forbearance on the part of the promisee or third person and which does induce the action or forbearance is enforceable notwithstanding the Statute of Frauds if injustice can be avoided only by enforcement of the promise. The remedy granted for breach is to be limited as justice requires."

Oral promises regarding the use of land may also be enforced under Restatement of Property § 524 which provides that:

"An oral promise or representation that certain land will be used in a particular way, though otherwise unenforceable, is enforceable to the extent necessary to protect expenditures made in reasonable reliance upon it."

And, comment b thereto states:

"The phrase 'though otherwise unenforceable' as here used means that the promise could not be enforced were it not for the application of the doctrines of estoppel. Some promises respecting the use of land do not come within the provisions of the Statute of Frauds. As to such promises the fact that they are oral is not material in respect to their enforcement."

*See Haines v. Minnock Construction Co., supra.*

■ Here, the trial court held that although the statute of frauds would ordinarily bar enforcement of Nelson's promise, it did not constitute a defense under the facts of this action. Regardless of whether the trial court was correct in its determination that Nelson's promise fell within the purview of the statute of frauds, *see Thornton v. Schobe, supra,* we agree that plaintiffs' claims were not barred in view of the foregoing legal principles.

## III

■ Defendants further argue that plaintiffs failed to present sufficient evidence to establish their claim of promissory estoppel. In support of this argument, they maintain that the elements of promissory estoppel must be shown by clear and convincing evidence. We hold that the claim must be established by a preponderance of the evidence and find that standard was met.

■ Defendants rely on Restatement (Second) of Contracts § 139(2) (1979) as adopted in *Kiely v. St. Germain, supra,* which states that "the extent to which the action or forbearance corroborates evidence of the making and terms of the promise or the making and terms are otherwise established by clear and convincing evidence" is a significant factor in determining whether enforcement of the promise is the only means of avoiding injustice. Notwithstanding this language, we conclude that the standard of proof to be applied, as in most civil cases, is a preponderance of the evidence.

Our holding comports with § 13–25–127(1), C.R.S. (1987 Repl.Vol. 6A), and the recent supreme court decision in *Gerner v. Sullivan,* 768 P.2d 701 (Colo. 1989) in which the supreme court held that the preponderance standard provided for in

§ 13–25–127(1) applied to actions for adverse possession. Formerly, case law dictated that such actions were subject to a clear and convincing standard of proof.

After reviewing the record, we are satisfied that there is sufficient evidence to support the trial court's findings. We disagree with defendants that Nelson's statements were not actionable. Contrary to defendants' assertions, the statements neither concerned a future matter of law, nor constituted an expression of opinion. Also, although Nelson did not own the property at the time he promised to preserve the open-space property, he did represent to plaintiffs that he had a legal right to acquire the property and subsequently did purchase the land. Thus, reliance by the plaintiffs was not unreasonable. Accordingly, the trial court's findings must be affirmed. *See Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

## IV

Defendants next contend that plaintiffs' claim is barred by the statute of limitations and the doctrine of merger. Again, we disagree.

■ With respect to the statute of limitations defense, the trial court concluded that plaintiffs filed this action less than one year after actual physical development of the land commenced. The trial court, therefore, found that plaintiffs had complied with the time limitations set forth in § 38–41–119, C.R.S. (1982 Repl.Vol. 16A) which both parties concede is the proper statute of limitations.

The determination of when an action accrues for purposes of the statute of limitations is a factual matter. *See Financial Associates, Ltd. v. G.E. Johnson Construction Co.*, 723 P.2d 135 (Colo.1986). Here, while the trial court expressed reservation regarding whether § 38–41–119 governed the limitations period, its finding of timeliness under that statute was supported by the record and, therefore, must be affirmed. *See Page v. Clark, supra.*

■ The record also supports the trial court's determination that Nelson's promises regarding the open-space property were not intended by any of the parties to merge into the written documents connected with the sale of each lake-front lot. Therefore, the trial court correctly held that the doctrine of merger was not a defense to plaintiffs' claim. *See Black v. Evergreen Land Developers, Inc.,* 75 Wash.2d 241, 450 P.2d 470 (1969).

## V

■ Finally, defendants Daniel and Lydia Hilty contend that the trial court erred by imposing an injunction against them. As grounds for their assertion, the Hiltys argue that the plaintiffs' claim against them is barred by reason of *res judicata.* We disagree.

The Hiltys were originally joined as parties to this action. However, the trial court dismissed all claims pending against them after it found that they had no specific interest in the open-space property. That ruling was not appealed when this case first came before this court.

After the case was remanded to the trial court, the Hiltys did acquire a specific interest in the open-space property and were again joined as defendants in this action. Therefore, the trial court correctly held that the claim against the Hiltys which was asserted in the plaintiffs' first amended complaint was not barred by *res judicata. See Greenberg v. Taylor,* 152 Colo. 342, 382 P.2d 191 (1963) (the estoppel of a judgment extends only to the facts and conditions as they were at the time the judgment was rendered). Furthermore, because the Hiltys were named as original parties to this action, they had knowledge of this litigation before they acquired their interest in the open-space property. Therefore, they are bound by the trial court's judgment.

Defendants' remaining contentions regarding the doctrine of laches and the creation of a conservation easement pursuant to § 38–30.5–101, et seq., C.R.S. (1982 Repl. Vol. 16A), which was not in effect at the time plaintiffs purchased their lots, are not persuasive.

Plaintiffs' request for the costs of this appeal pursuant to C.A.R. 38(d) is denied as this appeal is neither frivolous nor groundless.

Judgment affirmed.

PIERCE and HUME, JJ., concur.